FILED

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD MONIR HOSSAIN, | No. 08-74859 |
| Petitioner, | Agency No. A073-979-571 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2013**
Pasadena, California

Before: TROTT, LUCERO,*** and W. FLETCHER, Circuit Judges.

Mohammad Monir Hossain petitions this court for review of the Board of

Immigration Appeal's denial of his third motion to reopen his removal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of
Appeals for the Tenth Circuit, sitting by designation.

proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(5), and we deny the petition.

The IJ who initially adjudicated Hossain's asylum application determined that Hossain's testimony in support of his application for relief was "fabricated" and that he is not a member of the Jatiya Political Party. That determination, which Hossain does not contest, is conclusive. See Toufighi v. Mukasey, 538 F.3d 988, 996-97 (9th Cir. 2008)("[Petitioner] . . . failed to establish a prima facie case for eligibility because it had already been conclusively determined that he was not an apostate, and that Iranian officials would not impute this status to him because [petitioner] would never inform them of apostasy which never took place. The IJ's conclusive findings on this point also make the new evidence regarding persecution of apostates immaterial."). Thus, the Board correctly determined that the alleged increase in persecution of the Jatiya Political Party is immaterial because Hossian is not a member of that political party.

The Board also correctly concluded that Hossain's third motion to reopen is time and number barred. Hossain is not entitled to have these bars equitably tolled because Hossain was not prejudiced by his prior counsel's performance. Hossain's 2006 marriage, which took place more than a year after the deadline to file his motion to reopen, was not a timely basis for reopening his removal proceedings.

2

Id. at 993 (holding that an alien's motion to reopen based upon his marriage to a U.S. citizen and the birth of his U.S. citizen children was subject to the 90-day limitation).

Hossain's remaining, unsupported due process claim lacks merit.

PETITION DENIED.